IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                                RESPONDENT

v.                                          No. 6:13-cr-60033

RHONDA RENA BURKETT                                                                          MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed by Rhonda Rena Burkett ("Burkett"). ECF No. 41. On July 12, 2016, Burkett moved to withdraw this Motion. ECF No. 48. Considering Burkett's Motion to Withdraw (ECF No. 48), the Court recommends it be **GRANTED** and Burkett's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be withdrawn.

Also before the Court is Burkett's Motion to Reduce Sentence. ECF No. 45. Upon review of this Motion, the Court finds this Motion is more properly considered a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and, based upon the following, recommends it be **DENIED.**

1.  **Background:**

On December 2, 2015, Burkett filed the current Motion. ECF No. 45. With this Motion, Burkett seeks "consideration of a reduction in my sentence due to the passage of the change to the sentence guideline in regards to the loss limits for monetary crimes (not sure what it was called)." *Id.* at 1-2.

On December 7, 2015, the Government responded to this Motion. ECF No. 46. The Government claims Burkett is not eligible for a reduction in her sentence. *Id.* at 1-2. Specifically,

the Government claims Burkett was sentenced in 2014 under the applicable United States Sentencing Guidelines ("U.S.S.G."), and she is not entitled to a retroactive application of the U.S.S.G. to receive a reduction in her sentence. *Id.*[1]

**2.     Applicable Law:**

Even though Burkett does not specifically reference 28 U.S.C. § 2255, her Motion should be construed as a request for relief under 28 U.S.C. § 2255. ECF No. 45. A § 2255 motion is fundamentally different from a direct appeal. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

**3.     Discussion:**

In the present action, Burkett requests a reduction in her sentence because of a change in the U.S.S.G. ECF No. 45. Even though Burkett does not mention a specific provision in the Sentencing Guidelines as basis for her request, it appears she is requesting a reduction based upon Amendment 791. U.S. SENTENCING GUIDELINES MANUAL app. C (2015). Amendment 791 increased the monetary loss required for a given level of increase under the Sentencing Guidelines. *Id.* According to this Amendment, the effective date is stated to be November 1, 2015. *Id.* Burkett was sentenced on August 25, 2014. ECF No. 39. Thus, Amendment 791 was effective a year after Burkett was sentenced. *Id.*

---

[1] Burkett, filed a reply to the Government's response, but did not address the issue of retroactivity. ECF No. 47. She does make several statements of dissatisfaction with her court appointed counsel, but none claiming he was ineffective in his representation of her.

Thus, because this amendment was passed *after* Burkett was sentenced, for it to apply, it must apply retroactively. Amendments to the U.S.S.G. are not automatically retroactive, rather they must be adopted to specifically apply retroactively. *See Dillon v. United States,* 130 S. Ct. 2683, 2690 (2010) ("A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive").

Further, pursuant to the U.S.S.G., Burkett's request for relief is under U.S.S.G. § 1B1.10, which provides that a defendant may seek a sentence reduction in limited circumstances. Notably, certain amendments are specified as applying retroactively:

> (d) Amendments covered by this policy are listed in Appendix C as follows: 126,130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), and 782 (subject to subsection e(1)).

Importantly, Amendment 791 is *not listed* as one of the amendments intended to apply retroactively. Further, Burkett has not supplied–and the Court has not found–any other basis for retroactively applying Amendment 791. Thus, because Amendment 791 is not retroactively applicable, Burkett has no basis for relief with this Motion. Further, the prospective application of Amendment 791 is neither unconstitutional nor does it result in a fundamental miscarriage of justice for Burkett.

**4.     Conclusion:**

Based upon the foregoing, the Court recommends Burkett's Motion to Reduce Sentence (ECF No. 45) be **DENIED.**

**The Parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are**

**reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

      **DATED** this **16th day of August 2016.**

                                                  /s/ Barry A. Bryant
                                             HON. BARRY A. BRYANT
                                             U.S. MAGISTRATE JUDGE